IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MIGUEL GUZMÁN-RIVERA

    Plaintiff

            v.

KERMIT LUCENA-ZABALA; ZAIDA CAMACHO-ROSSY; ANABELLE NUÑEZ-UBARRI; LÁZARO SERRANO-CID; ZULMARIE URRUTIA-VÉLEZ; OJEL RODRÍGUEZ-TORRES; PUERTO RICO EXAMINING BOARD OF ACCOUNTANTS

    Defendants

Civil No. 08-1897 (SEC)

**OPINION and ORDER**

Pending before this Court is Plaintiff Miguel Guzmán-Rivera's ("Plaintiff") Motion for Reconsideration of this Court's Opinion and Order of July 1, 2009, (Docket # 22) and Co-Defendants Kermit Lucena-Zabala, Zaida Camacho-Rossy, Anabelle Nuñez-Ubarri, Lázaro Serrano-Cid, and Zulmarie Urrutia-Vélez's (collectively "Defendants") opposition thereto (Docket # 23). After reviewing the parties' filings, and the applicable law, for the reasons explained below, Defendants' Motion for Reconsideration is **DENIED**.

**Factual Background**

The facts of this case are set forth in this Court's Opinion and Oder of July 1st, 2009. Docket # 20. In said Opinion and Order, this Court granted Defendants' motion to dismiss. Id. On July 15, 2009, Plaintiff filed the present motion, arguing that Defendants are not entitled to absolute immunity due to their "complete lack of adherence to the established due process safeguards" during the administrative hearings held before them. Docket # 22. Defendants opposed. Docket # 23.

**CIVIL NO. 08-1897 (SEC)**                                                                                           **Page 2**

### Standard of Review

FED. R. CIV. P. 59 (e) allows a party, within ten (10) days of the entry of judgment, to file a motion seeking to alter or amend said judgment. The rule itself does not specify on what grounds the relief sought may be granted, and courts have ample discretion in deciding whether to grant or deny such a motion. Venegas-Hernández v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004) (citations omitted). In exercising that discretion, courts must balance the need for giving finality to judgments with the need to render a just decision. Id. (citing Edward H. Bolin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993)). Despite the lack of specific guidance by the rule on that point, the First Circuit has stated that a Rule 59(e) motion "must either clearly establish a manifest error of law or must present newly discovered evidence." F.D.I.C. v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992) (citing Fed. Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)). Rule 59(e) may not, however, be used to raise arguments that could and should have been presented before judgment was entered, nor to advance new legal theories. Bogosonian v. Woloohojian Realty Corp., 323 F.3d 55, 72 (1st Cir. 2003).

### Applicable Law and Analysis

Plaintiff first requests that this Court amend its July 1st, 2009 Opinion and Order. Specifically, he asks that the dismissal be without prejudice so that he may pursue this claim at the state court level. However, upon reviewing the record, this Court finds that Plaintiff's claims are made exclusively under the Fourteenth Amendment to the United States Constitution, enforceable through 42 U.S.C. 1983. Thus, Plaintiff did not set forth any state law claims before this Court. As a result, there are no supplemental state law claims to be dismissed.

Plaintiff further requests that this Court reconsider its ruling dismissing the claims against Defendants in their personal capacities. According to Plaintiff, the extremely deficient manner in which Defendants conducted the administrative hearings deprives them of absolute immunity. Notwithstanding, as previously stated, under FED. R. CIV. P. 59(e), the First Circuit has determined that a motion for reconsideration "must either clearly establish a manifest error of

**CIVIL NO. 08-1897 (SEC)**                                                                 **Page 3**

law or must present newly discovered evidence." F.D.I.C., 978 F.2d at16(citing Fed. Deposit Ins. Corp., 781 F.2d at 1268). In his motion, Plaintiff does neither of these. Instead, Plaintiff re-hashes the same arguments made in his original opposition to Defendant's motion to dismiss, which have already been considered, and rejected by this Court. See Docket # 20. As such, Plaintiff's request is **DENIED**.

**Conclusion**

Based on the foregoing, Plaintiff's Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 5th day of August, 2009.

                              *S/Salvador E. Casellas*
                              Salvador E. Casellas
                              U.S. District Judge